UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul E. Hawkinson Co.,

          Plaintiff,                  **MEMORANDUM OPINION AND ORDER**

v.                                      Civil No. 11-1168 ADM/JJG

Anderson Tire & Treads, Inc.,
Wheel Care Retreading, Inc., John Anderson,
Edward Verby, and Joseph Freiburger,

          Defendants.

---

Michael R. Gray, Esq., Gray Plant Mooty Mooty & Bennet, PA, Minneapolis, MN on behalf of Plaintiff.

Michael M. Lafeber, Esq. and Erin O. Dungan, Esq., Briggs & Morgan, PA, Minneapolis, MN on behalf of Defendant Anderson Tire & Treads, Inc.

---

## I. INTRODUCTION

On August 24, 2011, the undersigned United States District Judge heard oral argument on Defendant Anderson Tire & Treads, Inc.'s ("Anderson Tire") Motion to Dismiss Complaint [Docket No. 8] (the "Motion").[1] Plaintiff Paul E. Hawkinson Co. ("Hawkinson") asserts claims under the Lanham Act, 15 U.S.C. §§ 1051-1127, under Canadian law, and for breach of contract. Hawkinson opposes the Motion. For the reasons set forth below, the Motion is granted.

---

[1] Anderson Tire is the only Defendant that has appeared to date in this matter. Defendant Wheel Care Retreading, Inc. ("Wheel Care") apparently was legally dissolved and is now defunct. Anderson Tire's Mem. of Law in Supp. of Mot. to Dismiss [Docket No. 11] 3 n.1. The individual Defendants have not been served with process. Nonetheless, Anderson Tire raises jurisdictional arguments, which the Court may and will consider *sua sponte* with respect to the other Defendants.

## II. BACKGROUND

Plaintiff Hawkinson developed a proprietary retreading business system that retreads tires for large commercial vehicles. Compl. [Docket No. 1] ¶ 5. Hawkinson licenses its business system along with its trademarks, logos, and trade dress throughout the United States and Canada. Id. ¶ 6.

Defendant Anderson Tire is a former Hawkinson licensee doing business in Hamilton, Ontario, Canada. Id. ¶ 7.[2] Anderson Tire is an Ontario corporation. Id. Hawkinson Tread Equipment Co. Ltd. ("HTEC") was a Canadian corporation and a subsidiary of Hawkinson. Decl. Dave Gagnon [Docket No. 12] ¶ 4. In 1988, HTEC entered into an agreement (the "License Agreement") for Anderson Tire to use the Hawkinson retreading business system. Compl. ¶ 15, Ex. B. In 1995, HTEC and Anderson Tire entered into an Equipment Sales Agreement and a Conversion Sales Agreement for purchase of retreading equipment by Anderson Tire from HTEC. Compl. Exs. B, C. Later in 1995, HTEC unilaterally assigned the License Agreement to Hawkinson. Id. ¶ 19. In 1998, Anderson and Hawkinson signed a supplement to the License Agreement. Id. Ex. D. Under the License Agreement, Anderson Tire was granted the right to use certain Canadian patents, Canadian Industrial Designs, and Canadian registered trademarks that coincide with trademarks, trade dress, and logo registered in the United States. See id. ¶ 25.

In January 2009, Anderson Tire ceased making royalty payments under the License Agreement. Id. ¶ 28. In November 2010, Hawkinson sent a written Notice of Default to

---

[2] Defendant Wheel Care Retreading, Inc. was an Ontario corporation that shared a place of business with Anderson Tire. See Compl. ¶¶ 7-8. Individual Defendants Anderson, Verby, and Frieburger are or were owners of the corporate Defendants and are residents of Ontario, Canada. Id. ¶¶ 9-11.

Anderson Tire.  Id. Ex. F.  Still having not received payment, on March 3, 2011, Hawkinson next sent a "Notice of Termination of the License Agreements."  Id. Ex. G.  In late March 2011, Hawkinson personnel traveled to Ontario to retrieve Hawkinson property from the Anderson Tire premises and observed Hawkinson registered trademarks on two trucks, a trailer, the front door, and on signage in the office area.  Id. ¶¶ 37-38.  Under the terms of the License Agreement, Anderson Tire was required to cease use of Hawkinson marks.  See id. Ex. G.

Hawkinson then brought suit in federal district court in Minnesota.  Anderson Tire now moves to dismiss, arguing that the Court lacks subject matter jurisdiction over extraterritorial violations of the Lanham Act, that the Court lacks personal jurisdiction over Anderson Tire, and regardless that the Court should refuse to exercise jurisdiction under the doctrine of *forum non conveniens* so that the case may be heard in Canada.

### III.  DISCUSSION

**A.    Lanham Act Claims (Counts I, II, III)[3]**

   **1.  Standard of Review–Subject Matter Jurisdiction**

Anderson Tire seeks dismissal of Hawkinson's Lanham Act claims under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  A motion to dismiss for lack of subject matter jurisdiction may challenge the complaint either on its face or on the factual truthfulness of its averments.  See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993); Osborn v. United States, 918

---

[3] Count I also alleges violations of Canadian law.  Compl. ¶¶ 41, 46.  The Court has original jurisdiction over only the violations of federal law.  28 U.S.C. § 1331.  Supplemental jurisdiction over the Canadian trademark claims is declined under 28 U.S.C. § 1367(c)(3).  Count III is a claim for "misappropriation of goodwill;" this is not a claim in and of itself, but is an element of a trademark, trade dress, or deceptive trade practices claim.  Coyne's & Co. v. Enesco, LLC, 565 F. Supp. 2d 1027, 1047 (D. Minn. 2008).  Therefore, Count III is a re-allegation of Counts I and II.

F.2d 724, 729 n.6 (8th Cir. 1990).  Because this is a factual challenge, see Anderson Tire's Mem. of Law in Supp. of its Mot. to Dismiss 9, Hawkinson does not receive the benefits of Rule 12(b)(6)–namely to have only the pleadings considered and to have them construed in its favor. See Osborn, 918 F.3d at 729 n.6.  Rather, the Court may consider matters outside the pleadings. Id. (citing Menchaca v. Chrysler Credit Corp., 613 F.3d 507, 511 (5th Cir. 1980)).

### 2. Extraterritorial Application of the Lanham Act

Hawkinson avers that subject matter jurisdiction rests here under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because it asserts Lanham Act claims.  Compl. ¶ 2.  Hawkinson does not dispute, however, that the alleged violations of the Lanham Act occurred in Ontario, Canada. The application of the Lanham Act to conduct outside of the United States, therefore, must be considered.

The Lanham Act extends to conduct outside of the territorial boundaries of the United States in certain instances.  See Steele v. Bulova Watch Co., 344 U.S. 280, 285-87 (1952) (allowing extraterritorial application of Lanham Act where defendant was an American citizen, imported watch parts from the United States, and infringing watches, although sold in Mexico, made their way into the United States).  Steele, however, rested on the power of Congress to prescribe "standards of conduct for American citizens" even "beyond the territorial boundaries of the United States."  Id. at 282.

Where, as here, the defendant is not a citizen of the United States, courts have looked to the effect of the Lanham Act violation on United States commerce to determine whether jurisdiction is appropriate.  See, e.g., McBee v. Delica Co., 417 F.3d 107, 120 (1st Cir. 2005) (requiring "substantial effect" on United States commerce for jurisdiction over extraterritorial

conduct under the Lanham Act); Nintendo of Am., Inc. v. Aeropower Co., 34 F.3d 246, 250-51 (4th Cir. 1994) (holding that extraterritorial conduct may be enjoined under the Lanham Act if, among other things, it has a "significant effect" on United States commerce); Am. Rice, Inc. v. Ark. Rice Growers Coop. Ass'n, 701 F.2d 408, 414 n.8 (5th Cir. 1983) (noting that "some effect" may be sufficient to support jurisdiction over extraterritorial conduct under Lanham Act); Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.3d 633, 642 (2d Cir. 1956) (noting that Lanham Act could apply to extraterritorial conduct with a "substantial effect" on the foreign or interstate commerce of the United States).

The parties dispute whether Vanity Fair and its progeny–requiring a "substantial effect" on United States commerce–provide the standard for this case, or whether cases requiring a lesser effect, such as American Rice or Nintendo, apply. The dispute need not be resolved because Hawkinson has not identified *any* effect on United States commerce stemming from Anderson Tire's alleged Lanham Act violations. Hawkinson argues that Anderson Tire's violations of the Lanham Act had an effect on United States commerce because Hawkinson was injured by the violations and Hawkinson is headquartered in Minnesota in the United States. Commerce is intercourse *between* entities, not the financial health of a single entity. See Gibbons v. Ogden, 22 U.S. 1 (9 Wheat.), 72 (1824) ("Commerce, undoubtedly, is traffic, but it is something more: it is intercourse. It describes the commercial intercourse between nations, and parts of nations, in all its branches, and is regulated by prescribing rules for carrying on that intercourse."). The alleged Lanham Act violations occurred in Ontario, Canada, and while those violations may ultimately effect the financial health of a single corporation in Minnesota, no showing has been made that the violations had an effect on commercial intercourse or

transactions within the United States.  Anderson Tire has no customers within the United States, Anderson Tire does not transport its products into the United States, and the trucks bearing Hawkinson logos did not travel to the United States.  Gagnon Decl. ¶¶ 15-16.  The Court does not have subject matter jurisdiction over Hawkinson's Lanham Act claims and they are dismissed.

**B.    Breach of Contract (Count IV)**

In addition to asserting three counts under the Lanham Act and Canadian intellectual property law, Hawkinson asserts a claim for breach of contract.  The only jurisdictional basis here for that claim would be the exercise of supplemental jurisdiction.[4]  Having dismissed the federal claims, the Court has discretion to dismiss any remaining state law claims.  28 U.S.C. § 1367(c)(3).  Those claims are now dismissed.

**C.    *Forum Non Conveniens***

Anderson Tire further argues that the Court should dismiss the Complaint under the doctrine of *forum non conveniens*.  "The doctrine of *forum non conveniens* allows a court to decline to exercise jurisdiction and dismiss a case where that case would more appropriately be brought in a foreign jurisdiction."  K-V Pharm. Co. v. J. Uriach & CIA, S.A., 648 F.3d 588, 597 (8th Cir. 2011) (citation omitted).  In evaluating where a case is more appropriately heard, a court must weigh private and public interests.  Id.  Private interests to be considered are (1) ease

---

[4] At oral argument, the Court inquired as to whether diversity jurisdiction under 28 U.S.C. § 1332(a) would be appropriate.  After reviewing the Complaint, the damages for the breach of contract claim are alleged to be $33,600.  Compl. Count V.  Furthermore, the only allegation that trademark infringement damages will exceed $75,000 would result from trebling damages under the Lanham Act.  See id.  Hawkinson did not brief the issue of diversity jurisdiction, and has not made a *prima facie* showing that the amount in controversy for non-Lanham Act claims exceeds $75,000.

of access to sources of proof, (2) availability of compulsory process for witnesses and costs of attendance of witnesses, (3) costs of viewing premises, (4) all other practical considerations that make trial easy, expeditious, and inexpensive, and (5) questions of enforceability of a judgment. Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-509 (1947)).  Public interests to be considered are (1) judicial administration, (2) imposing jury duty only on the community that has a relation to the dispute, (3) the local interests in resolving local disputes, (4) interests of local courts in determining their own issues of law, and (5) avoiding conflicts of law questions.  K-V Pharm., 648 F.3d at 597 (quoting Gilbert, 330 U.S. at 508-509).  Deference is given to a plaintiff's choice of forum, but that deference is tempered where the plaintiff is an American corporation doing extensive foreign business bringing an action related to an injury in a foreign country.  Reid-Whalen v. Hansen, 933 F.3d 1390, 1394-95 (8th Cir. 1991).

      Here, Anderson Tire has carried its burden of persuasion with respect to the elements of *forum non conveniens*, and dismissal is appropriate.  Anderson Tire is a Canadian corporation. Hawkinson likewise created a Canadian subsidiary, HTEC, to conduct business in Canada.  The trademarks that form the bases of Counts I, II, and III of the Complaint are also registered in Canada.  The complained of conduct all occurred at or around Anderson Tire's place of business in Canada.  The License Agreement specifies that it licenses the use of Canadian Patents and Industrial Designs registered in Canada.  The License Agreement further specifies the territory of the agreement is limited to Wentworth County, Ontario.  And tellingly, Hawkinson itself asserts claims under Canadian law.

      By all accounts, therefore, the private and public interests weigh in favor of a Canadian forum.  Witnesses, other than Hawkinson personnel, will likely be Canadian citizens, and only

amenable to process there.[5] The sources of proof and premises are in Canada. A judgment against Anderson Tire in Canada would be easier to enforce and monitor than one from a United States court. Furthermore, the public interests weigh in favor of having a Canadian court and Canadian jury resolve this dispute–a dispute which stems entirely from conduct in Canada related to agreements licensing trade insignia protected under Canadian law for use in Canada.

**D.      Personal Jurisdiction**

Having already found two grounds–subject matter jurisdiction and *forum non conveniens*–for dismissing the claims here, the Court need not consider the arguments presented by the parties related to personal jurisdiction.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Anderson Tire's Motion to Dismiss Complaint [Docket No. 8] is **GRANTED;**

2.  All claims alleged in the Complaint [Docket No. 1] under the Lanham Act are **DISMISSED WITH PREJUDICE**; and

---

[5] Indeed, service of process has not yet been perfected on the individual Defendants in this action, all of whom are residents of Ontario, Canada.

3.  All other claims are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 30, 2011.